## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Duane Wood,
     Plaintiff,

v.

SONNNY PERDUE,
SECRETARY, UNITED STATES
DEPARTMENT OF
AGRICULTURE (AGENCY),
    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

Case: 1:19-cv-01190
Assigned To : Walton, Reggie B.
Assign. Date : 4/24/2019
Description: FOIA/Privacy Act (I-DECK)

## CIVIL COMPLAINT

Plaintiff, proceeding pro se, brings this action alleging violation of the Privacy Act of 1974 for

improper disclosure of record against Defendant, Sonny Perdue, Secretary of Department of Agriculture

(Agency), pursuant 5 U.S.C. § 552a(g)(1)(D) and § 552a(g)(4). *See* Exhibit 4, page 46 and 47. On or about

December 07, 2018, Plaintiff, a federal employee who works in the Information and Technology

Department (ITD) within the Agency as an Information Technology Specialist (I.T. Specialist) located in

Riverdale, Maryland became aware that the Agency willfully or intentionally disclosed Plaintiff's record

containing his personally identifiable information (PII) beyond the limits set by the Privacy Act,

specifically 5 U.S.C. § 552a(b). *See* Exhibit 4, Page 44. The Agency improperly disclosed plaintiff's record

to at least one party outside the scope of § 552a(b)'s conditions of disclosure. The Party, a federal

employee who works in the Plant Protection and Quarantine (PPQ) Department within the Agency as a

Program Support Assistant located in Yakima, Washington received at least 4 different legal documents

within the Plaintiff's record from Agency Representative, Debra Simpson – Human Resources (HR)

Litigation Specialist , via email. Due to the Agency's violation and disclosure, the Party, who is not one of

the twelve exceptions to the "No Disclosure Consent" rule [5 U.S.C. § 552a(b)(1) – (12)], contacted

Plaintiff via email with the subject line "Release of your PII regarding EEO you filed". *See* Exhibit 1. *See*

also Exhibit 4, page 43 and 44. The Agency's failure to properly safeguard, maintain, and disclose a

record containing Plaintiff's PII information as set by the Privacy Act caused Plaintiff to suffer emotional

anguish and distress due to the improper disclosure(s), suffer emotional anguish and distress due to

potentially devasting consequences of continual retaliation from the Agency, loss of income, and

medical treatment. Subsection (g)(1)(D) speaks of civil remedies for violations when someone suffers an

adverse effect from breaches of the statue or any other failure to hew to the terms of the Privacy Act,

which are addressed by specific terms governing relief safeguarded by Section 552a(g)(4) that reads:

"In any suit brought under the provisions of subsection (g)(1)(C) or (D) of this section in which
the court determines that the agency acted in a manner which was intentional or willful, the United
States shall be liable to the individual in an amount equal to the sum –

"(A) actual damages sustained by the individual as a result of the refusal or failure, but in no
case shall a person entitled to recovery receive less than the sum of $1000.00; and

"(B) the costs of the action together with reasonable attorney fees as determined by the court."
*See* also Exhibit 4, page 47.

*See Doe* v. *Herman,* Civ. Action No. 97-0043-B, 1998 WL 34194937, *5-*7 (DC Va., Mar. 18,

1998). In Doe, he argued that subsection (g)(4)(A) entitles any plaintiff adversely affected by an

intentional or willful violation to the $1,000 minimum recovery on proof of nothing more than a

statutory violation: anyone suffering an adverse consequence of intentional or willful disclosure is

entitled to recovery. The Government's position was the minimum guarantee goes only to victims

who prove some actual damages, and the court favored the government. In this instance case the

court will favor the plaintiff because he has provided actual damages due to the Agency's improper

record disclosure and violation. *See* Exhibit 2 and Exhibit 3.

The traditional understanding that privacy tort recovery requires not only wrongful act plus causation reaching to the plaintiff, but proof of some harm for which damages can reasonably be assessed. *See, e. g.,* W. Keeton, D. Dobbs, R. Keeton, & D. Owen, Prosser and Keeton on Law of Torts § 30 (5th ed. 1984).

A privacy tort victim is entitled to recovery without reference to damages because analogous common law would not require him to show particular items of injury in order to receive a dollar recovery. Additionally, tradition demonstrates that common law has provided such victims with a claim for "general" damages, which for privacy and defamation torts are presumed damages: a monetary award calculated without reference to specific harm(s), but in this instant case the Plaintiff has suffered losses monetarily, mentally, and emotionally. *See* Exhibit 2 and Exhibit 3.*See* also 3  Restatement of Torts § 621, Comment *a* (1938) ("It is not necessary for the plaintiff [who is seeking general damages in an action for defamation] to prove any specific harm to his reputation or any other loss caused thereby"); 4 *id.,* § 867, Comment *d* (1939) (noting that damages are available for privacy torts "in the same way in which general damages are given for defamation," without proof of "pecuniary loss [or] physical harm"); see also 3 Restatement (Second) of Torts § 621, Comment *a* (1976).

Section 5 of the Privacy Act established a Privacy Protection Study Commission that was charged to consider "whether the Federal Government should be liable for general damages incurred by an individual as the result of a willful or intentional violation of the provisions of sections 552a(g)(1)(C) and (D) of title 5." The Commission ultimately recommended that the Act should "permit the recovery of special and general damages . . . but in no case should a person entitled to recovery receive less than the sum of $1,000 or more than the sum of $10,000 for general damages in excess of the dollar amount of any special damages." *See* Personal Privacy in an Information Society: The Report of the Privacy Protection Study Commission 531 (July 1977).

Plaintiff is a claimant who has suffered "adverse effects" from the Agency's intentional or willful Privacy Act violation of improperly disclosing a record and has proved "actual damages" beyond

psychological harm, therefore he qualifies as "a person entitled to recovery" within the meaning of §

552a(g)(4)(A), which affords civil remedies for violation of a Privacy Act that's safeguarded by §

552a(g)(1)(C) and (D).

The words "a person entitled to recovery," as used in § 552a(g)(4)(A)'s remedial prescription, are most

sensibly read to include anyone experiencing an "adverse effect" as a consequence of an agency's

intentional or willful commission of a Privacy Act violation of the kind described in § 552a(g)(1)(D). The

Act's text, structure, and purpose warrant this construction, under which Plaintiff need not show a

current pecuniary loss, or "actual damages" of some other sort, to recover the minimum award of

$1,000, attorney's fees, and costs, but in this instant case Plaintiff has proved actual damages due to the

Agency's improper disclosure of a record to ensure justice.

## RELIEF

Plaintiff is seeking general and special damages in the amount of $10,000.00.

Duane Wood (Pro Se)
dwoodz0581@gmail.com
3839 St. Barnabas Rd. #101
Suitland, MD 20746
202.276.2053

## CERTIFICATE OF SERVICE

**I hereby certify** that on this 24th day of April 2019, a copy of the forgoing Complainant's Civil
Complaint and Exhibits was served via certified mail to USDA whose address is at 1400
Independence Ave, SW. Whitten Building, Room 107W, Washington, D.C. 20250-1400.